**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4843**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS DOMINGUEZ-BENAVIDES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   Frank W. Bullock, Jr., District Judge.   (CR-04-123)

_____

Submitted:  August 31, 2005        Decided:  November 1, 2005

_____

Before MOTZ, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlos Dominguez-Benavides appeals from his forty-two-month sentence imposed pursuant to a guilty plea to one count of reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) (2000). On appeal, Dominguez-Benavides' counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there were no meritorious issues for appeal, but raising the issue as to whether the district court erred under Blakely v. Washington, 542 U.S. 296 (2004), in computing his criminal history points and in imposing a sixteen-level enhancement based on a prior drug trafficking conviction. After the Supreme Court's issuance of United States v. Booker, 125 S. Ct. 738 (2005), counsel filed a supplemental brief arguing that Dominguez-Benavides was erroneously sentenced under a mandatory application of the federal sentencing guidelines. The Government has responded. Although informed of his right to file a pro se brief, Dominguez-Benavides has not done so.

Dominguez-Benavides first claims that the district court's calculation of his criminal history category and its imposition of a sixteen-level enhancement for a prior drug trafficking conviction for which the sentence exceeded thirteen months violated Blakely and subsequently Booker. Because Dominguez-Benavides preserved his objection at sentencing on both grounds, we review for harmless error.

- 2 -

We find no Sixth Amendment error in Dominguez-Benavides' sentence. Based on the convictions listed in the presentence report, the district court established a criminal history category of II, and assessed a sixteen-level enhancement for having been previously deported after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded thirteen months. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2003).

In Shepard v. United States, 125 S. Ct. 1254 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." Id. at 1262-63. However, Dominguez-Benavides did not contest his criminal history or any particular prior conviction. See United States v. Collins, 412 F.3d 515, 522-23 (4th Cir. 2005) (finding no Sixth Amendment violation where nature and separateness of predicate offenses for career offender status was undisputed); cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about prior conviction to determine that it was a crime of violence violated the Sixth Amendment). Furthermore, the prior conviction on which the sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(i) was based was clearly pled in the indictment. The district court's finding that the prior conviction resulted in a sentence that

- 3 -

exceeded thirteen months is not the type of fact found outside the indictment that is "too far removed from the conclusive significance of a prior judicial record." Washington, 404 F.3d at 842 (citing Shepard, 125 S. Ct. at 1262). We therefore conclude that the district court's determination of Dominguez-Benavides' sentence did not violate his Sixth Amendment rights.

In his supplemental brief, Dominguez-Benavides argues that under Booker, the district court erred in failing to treat the guidelines as advisory. Because Dominguez-Benavides did not object below to the mandatory application of the guidelines, we review for plain error.[*] United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). As Dominguez-Benavides fails to present any non-speculative evidence or argument demonstrating that he would have received a lower sentence had the district court appreciated that the guidelines were not mandatory, we find that the district court's error of sentencing Dominguez-Benavides under a mandatory guidelines scheme did not affect his substantial rights. Accordingly, we find no plain error.

As required by Anders, we have reviewed the entire record and have found no meritorious issue for appeal. We therefore

---

[*]Dominguez-Benavides asserts that this issue *was* properly preserved based on his objection under Blakely that was raised before the district court. We find, however, that his objection was narrowly tailored to the calculation of his criminal history category and the imposition of the sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(i).

affirm Dominguez-Benavides' sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED